# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO DURAN SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>ACTIVE FIELD OFFICE DIRECTOR, ADELANTO FIELD OFFICE, et al.,<br><br>Respondents. | Case No. 1:25-cv-00608-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND TERMINATE RESPONDENT'S MOTION TO DISMISS AS MOOT<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF No. 10) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has been removed from the United States, the undersigned recommends the petition be dismissed as moot and the motion to dismiss be terminated.

## I.

## BACKGROUND

Petitioner is a native and citizen of Mexico. Removal proceedings were initiated against Petitioner in 2013. (ECF No. 10 at 3; ECF No. 10-1 at 3.[1]) In June 2013 and November 2013, Petitioner was released from the custody of the U.S. Immigration and Customs Enforcement ("ICE") on $3,000 bond. (Id.) In September 2014, Petitioner submitted an application for cancellation of removal. (ECF No. 10 at 4; ECF No. 10-1 at 4.) Eventually, the application for cancellation of removal was set for a merits hearing in August 2025. (Id.)

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1    Meanwhile, in August and December 2024, Petitioner was arrested by the Chico Police
2 Department for unlawful manufacturing of a short-barreled rifle/shotgun, committing a felony
3 while released on bail, child abuse/endangerment, resisting a peace officer, and obstructing a
4 public officer. On February 26, 2025, ICE arrested Petitioner after learning of Petitioner's new
5 criminal history. (ECF No. 10 at 4; ECF No. 10-1 at 4–5.)
6    On May 22, 2025, Petitioner filed the instant petition for writ of habeas corpus, asserting
7 that his prolonged detention without a hearing on danger and flight risk violates due process.
8 (ECF No. 1 at 2.) On July 24, 2025, Respondent filed a motion to dismiss and response to the
9 petition. (ECF No. 10.) On August 4, 2025, Petitioner filed a letter, (ECF No. 11), but to date, no
10 opposition to the motion to dismiss has been filed, and the time for doing so has passed.
11    On September 17, 2025, the Court ordered Respondent to inform the Court of Petitioner's
12 custody status. (ECF No. 13.) That same day, Respondent filed a response, informing the Court
13 that an immigration judge ordered Petitioner removed on August 7, 2025, and subsequently
14 Petitioner was removed from the United States. (ECF No. 13 at 2.) On September 24, 2025,
15 Respondent filed documentation establishing that Petitioner was removed from the United States
16 on August 23, 2025. (ECF No. 15-1.)

## II.

## DISCUSSION

19   The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies."
20 Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy
21 requirement subsists through all stages of federal judicial proceedings," which "means that,
22 throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury
23 traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer
24 v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner
25 challenges his detention in ICE custody. On August 23, 2025, Petitioner was removed from the
26 United States. (ECF No. 15-1.) Given that Petitioner is no longer in ICE custody, the Court finds
27 that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061,
28 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot

because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as MOOT; and
2. Respondents' motion to dismiss (ECF No. 10) be TERMINATED as MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2025**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE